UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

FILED BY _____ D.C

2003 JUL -2 PM 3:59

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA- MIA

CASE NO: 02-21771-CIV-JORDAN
Magistrate Judge Brown

WALDECY SILVA DIAS,

    Plaintiff,

vs.

MEDITERRANEAN SHIPPING
COMPANY S.A., GENEVA, OLYMPIC
TRANSFER CORP. and ASTRAL
FREIGHT SERVICES, INC.,

    Defendants.
_____/

### PLAINTIFF'S MOTION FOR RECONSIDERATION

COMES NOW the Plaintiff, WALDECY SILVA DIAS, by and through his undersigned counsel, and files his Motion for Reconsideration of the Court's Order Granting, in part, Defendant, MEDITERRANEAN SHIPPING COMPANY S.A., GENEVA's ("MSC") Motion to Dismiss for Improper Venue and Failure to State a Claim Upon Which Relief Can Be Granted and further states as follows:

1. On June 18, 2003, this Court entered its Order transferring Plaintiff's claims against MSC to New York pursuant to the forum selection clause on the bill of lading. However, the Court, in footnote 1 at page four of the Order, stayed such transfer for 14 days pending MSC's decision to proceed with the transfer. Such a stay was entered because, on that same day, the Court entered its Order denying MSC's Motion to Dismiss the Cross-Claims asserted against it by Co-Defendants OLYMPIC and ASTRAL.

2. On June 30, 2003, counsel for the Plaintiff received MSC's "Notice of Election to Transfer Plaintiff's Claims". Because of such election, the Plaintiff will now be forced to litigate his case in two separate forums which is clearly unreasonable under the circumstances. Plaintiff is an uninsured homeowner that suffered an enormous financial loss when MSC and/or the other defendants damaged his belongings. A second case in New York will force the Plaintiff to hire counsel and expend additional costs in New York to prosecute the case. Plaintiff could not have brought suit in New York to begin with since the other defendants may not be subject to personal jurisdiction there and the forum would not be convenient to them and subject the case to a dismissal as to those defendants on the basis of *forum non conveniens*.

3. Admiralty courts are courts of equity and equity supports that the entire case remain in Miami for prosecution. Indeed, it is apparent that this Court realized the unreasonableness and inequities of litigating this case in two different forums because it attempted to give MSC the option of declining the transfer. Unfortunately, but expectedly, MSC refused to decline the transfer. This will result in MSC, a very large shipping company, being able to subject the Plaintiff, an uninsured individual, to the expense of litigating in two forums.

4. Furthermore, and very importantly, the cases could result in inconsistent results.

5. Lastly, the Court granted Plaintiff's Motion to Amend his Complaint on May 29, 2003 and at the same time deemed filed Plaintiff's Amended Complaint which was attached to the Motion to Amend. Said amendment brought in the Port of Miami Terminal Operating Company, LLC, ("POMTOC") as a new party defendant. Said

2

amendment made MSC's original Motion to Dismiss moot as it was directed to the original Complaint. This Court should not have proceeded to rule on the old Motion to Dismiss because it was no longer at issue.[1]

## MEMORANDUM OF LAW

Forum selection clauses are unenforceable if they are unreasonable under the circumstances. <u>Lipcon v. Underwriters at Lloyds, London</u>, 148 F.3d 1285, 1291 (11th Cir. 1998), citing to <u>M/S Bremen v. Zapata Offshore Co.</u>, 407 U.S. 1 (1972). In the present case, there are four defendants, all of whom handled or were otherwise involved with the shipment in Miami. There is absolutely no connection to New York nor any witnesses there. It cannot be disputed that Miami is a much more convenient forum to litigate the case than New York. All the parties, including MSC, reside or conduct business in Miami, Florida and key witnesses, including the truck driver that took the container from Miami to Orlando and the container handlers at the Port of Miami, are local.

This Court has already refused to enforce a forum selection clause in another case very similar to the present one. In <u>Precision Trading Corp. et al v. Seabridge Container Transport, Inc. et al</u>, Case No. 97-3734-CIV-LENARD (S.D. Fla. 1998), this Court denied a motion to transfer based upon a forum selection clause because the requested new forum, Pennsylvania, would be inconvenient in a case with most witnesses and events in Florida and because of the existence of an additional Florida

---

[1] MSC served another Motion to Dismiss on June 19, 2003 again raising the forum selection clause argument, but since POMTOC was the terminal operator at the Port of Miami and accordingly is an additional local defendant, Plaintiff's argument that it would be unreasonable under the circumstances to transfer the case as to MSC to New York is even stronger.

defendant which was not subject to the forum selection clause. The Court concluded that the requested venue change would result in **duplication of judicial effort** and denied the motion. See Order Denying Defendant Seabridge's Motion to Dismiss and Motion to Transfer attached to Plaintifff's Response to Motion to Dismiss as Exhibit "C" (emphasis added). The transfer of this case as to MSC to New York will definitely result in the duplication of judicial effort.

Moreover, the transfer of this case to New York could result in inconsistent and contrary results. It is possible that the Court in New York could hold MSC responsible for the damage and this Court hold one or more of the other defendants responsible for the same damage. This would violate the purpose of the Joinder rules, Fed. R. Civ. P. 18-19.

For all of the foregoing reasons, enforcement of the forum selection clause would be unreasonable under the circumstances and fundamentally unfair to the Plaintiff and the other Defendants.

WHEREFORE, the Plaintiff, WALDECY SILVA DIAS, respectfully requests that this Honorable Court grant reconsideration and deny the Defendant, MEDITERRANEAN SHIPPING COMPANY S.A., GENEVA's Motion to Dismiss for Improper Venue in full.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 2nd day of July, 2003 to: Christopher J. Bailey, Esquire, DE ORCHIS CORSA & HILLENBRAND, LLP, Attorneys for MSC Geneva, 2650 Biscayne Boulevard, Miami, Florida 33137, Yvette Lisa Clements, Esquire, ARAN, CORREA & GUARCH, P.A., Attorneys for Astral, 710 South Dixie Highway, Coral Gables, Florida 33146, Robert Singer, Esquire, HOLLAND, SINGER & MILLER, P.A., 201 South Biscayne Boulevard, Suite 2950, Miami Center, Miami, Florida 33131.

CASSIDY & BLACK, P.A.
Attorneys for Plaintiff
8370 W. Flagler Street, Suite 252
Miami, Florida 33144
Telephone:  (305) 559-4962
Facsimile:   (305) 559-2163

By: _____
MICHAEL C. BLACK, ESQUIRE
F.B.N. 0056162